[No. 14955.   Department Two.   January 22, 1919.]

## BLANKENSHIP BROTHERS, *Appellants*, v. ORA KNOX et al., *Respondents*.[1]

PAYMENT (12, 29)—APPLICATION—EVIDENCE. Findings that a debtor, interested in part of the proceeds of the sale of sheep, directed application of her part to the payment of her separate indebtedness are sustained, where her testimony was supported by that of another witness and by surrounding circumstances, and her adversaries' testimony was unsupported.

HUSBAND AND WIFE (16, 23, 29)—PRESUMPTIONS—WIFE'S SEPARATE PROPERTY AND DEBT. Where a contract for the purchase of lambs was made while the vendee was unmarried, and consummated after her marriage, there is no presumption that the lambs became community property, even though her husband joined with her in executing a mortgage on her separate property to secure payment, as the obligation was her separate debt.

HUSBAND AND WIFE (24)—SEPARATE ESTATE—AUTHORITY OF HUSBAND. Upon the sale of the separate property of the wife, she has the right to direct application of the proceeds, and any contract by her husband to the contrary would not be binding upon her.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered November 5, 1917,

[1]Reported in 178 Pac. 629.

in favor of the defendants, in an action to foreclose a mortgage, tried to the court.   Affirmed.

*John C. Applewhite* and *E. J. Doyle* (*Fred E. Butler,* of counsel), for appellants.

*C. H. Baldwin,* for respondents.

Fullerton, J.—The appellants brought this action against the respondent Ora Knox and others to foreclose a mortgage upon real property.  One of the defenses was payment, and on this issue the trial court found in favor of the respondents, canceling and setting aside the mortgage.

The evidence discloses that, prior to and at the time of the execution of the mortgage sought to be foreclosed, one John Knox held certain sheep belonging to the appellants which he was running on shares, that is, for one-half of the wool and one-half of the increase from the sheep.  The increase of the flock for 1911 had not been divided and amounted to some 1,176 lambs.  In November of that year, Mrs. Knox, then Mrs. Eaton, contemplating marriage with John Knox, contracted with the appellants to purchase their interest in the lambs.  On the same day she married Knox, and on the next day executed the mortgage in question upon real estate owned in her separate right to secure a part of the purchase price, her then husband joining with her in the execution of the mortgage.  Knox then owed the appellants some $2,300, and a chattel mortgage was given upon Knox's interest and accruing interests in the sheep, together with the lambs purchased by the respondent, to secure the indebtedness, Mrs. Knox joining in the mortgage. Knox continued to run the sheep until June 1, 1918, at which time the business relations of the parties

were discontinued. The appellants had in the meantime advanced to Knox to meet the expense of feeding and caring for the sheep, the shearing expenses and the like, an additional sum approximating $2,200. At this time the interests of the respondent and her husband in the sheep were sold, their combined interests bringing $4,523, the purchase price of the property being paid to the appellants. Of this sum Knox's interest amounted to $2,738.50, and the respondent's to $1,784.50.

At the trial, the respondent testified that, when the transaction had been completed, the appellant D. E. Blankenship, who had the matter in charge, approached her and asked what she wished to have done with her interest in the money; that she told him she wished to have the debt secured by mortgage upon her real property paid and the mortgage canceled, and that, when this was done, he might apply the balance as he pleased; that he told her he did not have the papers with him, but would procure them and later send them to her, and would cancel the mortgage of record. In this she is corroborated by an employee, who happened to be within hearing when the conversation was had. Her testimony, however, is flatly contradicted by D. E. Blankenship. He testified that he was directed, both by the respondent and her husband, to apply the money first to the satisfaction of the chattel mortgage, and then to the satisfaction of the advancements; that he did so apply it, and after so doing, there was left, not only the debt secured by the mortgage upon the real property, but some $200 due of the money advanced for the care of the sheep. Each of the parties introduced circumstances thought to support their view of the transaction, but these lend little aid in the solution of the issue involved. In so

far as they are material, the evidence concerning them is contradictory.

With the record in this condition, we cannot do otherwise than follow the conclusion of the trial court. The burden to establish the payment, it is true, was upon the respondent, but, upon the face of the record, she has successfully met the burden. She has a supporting witness, which the appellant has not.

It is true, also, that the trial court did not find that either party had wilfully sworn falsely. In his memorandum opinion, filed in the record, he concluded that the parties testified to the facts as they remembered them, and resorted to the surrounding circumstances to ascertain wherein the truth lay. In so doing, he concluded that, since the obligation represented by the mortgage was the separate debt of the respondent, and since she owned of the consideration paid for the sheep and wool, as her separate property, more than sufficed to satisfy the debt and the proportionate share of the advancements made for the care of the sheep with which she could justly be charged, she would naturally desire and direct that her separate funds in the hands of the appellants be applied to her separate debt. But in this there is no error. The line of reasoning may not be conclusive, but the court had the right to resort to it as an aid in determining the weight of the evidence.

The appellants contend that the lambs purchased by the respondent became the community property of herself and Knox, and the debt incurred therefor a community debt, and that, since the husband has the control of the community property and business, the court erred in refusing their offer of evidence tending to show a settlement of the transaction with the husband in which he directed the application of the pay-

ments, and that they were applied as he directed. But we cannot agree that the property purchased by the respondent became the community property of herself and her husband. It is the rule, no doubt, that when a wife, during coverture, contracts for and purchases property, incurring an obligation by the transaction, the property purchased is presumptively community property, and the debt incurred presumptively a community obligation, but here, it will be remembered, the contract for the purchase of the lambs was made while the respondent was unmarried and capable of making such a contract in her own right, and that the contract was consummated only after her marriage. In such a case, no presumption of community interests arises. The contract having been entered into while the respondent was capable of contracting, could have been enforced against her notwithstanding her subsequent marriage, and against the will of her husband. In such a case, the property would manifestly have been her separate property, and the obligation incurred her separate obligation. The nature of the obligation and the title to the property is not changed because she voluntarily completed the transaction after her marriage, even though her husband joined with her in the obligation incurred. In order to change the nature of the title acquired and the nature of the obligation incurred, a new contract between the appellants and the husband and wife would have to be presumed, and no such presumption arises out of the facts shown. The property being the separate property of the respondent, the receipts from its sale were likewise her separate property. Of this she alone had the right to direct application, and any contract with her husband to the contrary would not be binding upon her, unless, of course, she consented that her

husband might make the application, and there was no offer to show that she did so. There was no error, therefore, in excluding the testimony, although the court may have based the reason for his refusal upon another principle of law.

We find no reason for reversing the judgment, and the order will be that it stand affirmed.

MAIN, PARKER, HOLCOMB, and MOUNT, JJ., concur.